[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This action was commenced by service of process on August 18, 1998. The complaint is in two counts. The first count alleges a violation of the Connecticut Franchise Act, General Statutes §42-133e et seq., and the franchise statutes of Arkansas, California, Delaware, Hawaii, Indiana, Illinois, New Jersey and Virginia. The second count alleges a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes, § 42-110a
et seq. Presently before the court is the defendant's motion for summary judgment solely as to the Connecticut Franchise Act claim.
Although set forth in some detail in this court's memorandum of decision on the defendant's motion to strike, a brief statement of the facts is necessary. See Diesel Injection Servicev. Jacobs Vehicle Equipment, Superior Court, judicial district of Hartford, Docket No. 582400 (December 4, 1998, Peck, J.) (23 Conn. L. Rptr. 621).
As alleged in the complaint, the defendant, Jacobs, manufactures and sells diesel truck parts and accessories. The CT Page 7293 plaintiffs are each long-term distributors of diesel engine brake products manufactured by the defendant. Each of the plaintiffs distributed the defendant's products pursuant to identical form contracts drafted by the defendant. The latest version of the contracts between the defendant and the various plaintiffs contains a choice-of-law provision that provides: "The construction, validity, enforceability and enforcement of this Agreement and of each clause thereof and all documents relating thereto and the rights and relations of the parties shall be governed by and construed in accordance with the laws of the State and decided by the courts of Connecticut where the Manufacturer is located." Defendant's Motion for Summary Judgment, Exhibit A, Distributor Agreement ¶ 15. As the provision notes, the defendant is located in Connecticut. None of the plaintiffs, however, maintain businesses or distribute the defendant's products in Connecticut.
In 1997, the defendant informed the plaintiffs that it intended to cease using the plaintiffs as distributors for its products and that the agreements between the parties would not be renewed. The plaintiffs then brought this action. In count one, the plaintiffs assert that the defendant's conduct in attempting to terminate its relationships with the various plaintiffs constitutes a violation of the Connecticut Franchise Act and the franchise acts of other states. In count two, the plaintiffs claim that the defendant violated CUTPA.
On October 5, 1998, the defendant filed a motion to strike aimed at both counts of the plaintiffs' complaint. With respect to the Connecticut Franchise Act claim, the defendant asserted that the act was inapplicable because General Statutes § 42-133h
only covers franchise agreements which contemplate or require the franchisee to establish or maintain a place of business in Connecticut. The plaintiffs conceded that the act, by its terms, would not apply. The plaintiffs contended, however, that the parties, by choosing to be governed by Connecticut law in their agreements, intended to render the act applicable notwithstanding its territorial limitations.
After hearing oral argument, this court denied the defendant's motion to strike. In its memorandum of decision dated December 4, 1998, this court held that the choice-of-law provision was ambiguous as to whether it operates to bring the parties' relationships within the Connecticut Franchise Act. SeeDiesel Injection Service v. Jacobs Vehicle Equipment, supra, 23 CT Page 7294 Conn. L. Rptr. 623. In light of this ambiguity, the court held that it was faced with a question as to what the parties intended. See id., 624. Because the intent of the parties is a factual issue, and on a motion to strike all facts must be construed in favor of the nonmovant, the defendant's motion to strike was denied with respect to the Connecticut Franchise Act claim. See id.
On December 8, 1998, the defendant filed a motion for summary judgment as to the portion of count one alleging a violation of the Connecticut Franchise Act. The defendant again asserts that the parties' did not intend for the choice-of-law provision to override the territorial limitation contained in the Connecticut Franchise Act. In support of its position, the defendant points to paragraph eleven of the parties' agreements (disclaimer provision), which provides, in part: "This Agreement does not create a joint venture or franchise arrangement. . . ." Defendant's Motion for Summary Judgment, Exhibit A, Distributor Agreement ¶ 11. The defendant contends that this disclaimer provision demonstrates that the parties unequivocally understood that the choice-of-law provision would not operate to bring the plaintiffs within the protection of the Connecticut Franchise Act.
In further support of its position, the defendant submitted the affidavit of Scott W. Fowler, Vice President for marketing development of the defendant. In his affidavit, Fowler states that the defendant never intended the parties' agreements to create a franchise relationship under Connecticut law. See Defendant's Motion for Summary Judgment, Exhibit C, Affidavit of Scott W. Fowler ¶¶ 64, 5.
The plaintiffs filed an opposition to the defendant's motion for summary judgment on January 6, 1999. The plaintiffs assert that while the defendant might not have intended to create a relationship governed by the Connecticut Franchise Act, this intent was neither communicated to nor shared by the plaintiffs. In support of their position, the plaintiffs attached affidavits of officers of several of the plaintiff companies. See Plaintiffs' Opposition to Defendant's Motion for Summary Judgment, Exhibits A through E. The affidavits each state that the agreements in question were not truly negotiated and that the plaintiffs never intended to forfeit the protections of the beneficial aspects of Connecticut law. See id., §§ 4, 7. The affidavits also claim that the defendant never communicated its CT Page 7295 intent regarding the choice-of-law provision to the plaintiffs. See id., § 6.
Oral argument was heard on this matter on February 1, 1999. Both the defendant and the plaintiffs then filed supplemental memoranda in support of their respective positions on March 1, 1999.
The standards that the court must apply in deciding a motion for summary judgment are well established. "Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Rivera v. Double A Transportation, Inc.,248 Conn. 21, 24, ___ A.2d ___ (1999).
The issue before the court on the present motion is whether there is no genuine issue of material fact that the parties' intended that their agreements would not afford the plaintiffs the protection of the Connecticut Franchise Act. Accordingly, the court must be mindful that "[s]ummary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." (Internal quotation marks omitted.) Suarez v. Dickmont Plastics Corp. , 229 Conn. 99, 111,639 A.2d 507 (1994). "The summary judgment rule would be rendered sterile, however, if the mere incantation of intent or state of mind would operate as a talisman to defeat an otherwise valid motion." (Internal quotation marks omitted.) Reynolds v. ChryslerFirst Commercial Corp. , 40 Conn. App. 725, 731, 673 A.2d 573, cert. denied, 237 Conn. 913, 675 A.2d 885 (1996). "[E]ven with respect to questions of motive, intent and good faith, the party opposing summary judgment must present a factual predicate for his argument in order to raise a genuine issue of fact." WadiaEnterprises, Inc. v. Hirschfeld, 224 Conn. 240, 250, 618 A.2d 506
CT Page 7296 (1992).
"The intention of the parties to a contract governs the determination of the parties' rights and obligations under the contract. . . . Analysis of the contract focuses on the intention of the parties as derived from the language employed." (Citations omitted.) Levine v. Advest, Inc., 244 Conn. 732, 745-46,714 A.2d 649 (1998). "Where the intention of the parties is clearly and unambiguously set forth, effect must be given to that intent. . . . Contract language is unambiguous when it has a definite and precise meaning . . . concerning which there is no reasonable basis for a difference of opinion. . . . The rules of construction are only applied if the language of the contract is ambiguous, uncertain or susceptible of more than one construction." Id., 746.
"The construction of a written document is a matter of law, where the meaning is to be ascertained from the document itself, but where the meaning can be understood only from extrinsic facts, the construction is generally a question of fact for the jury." (Internal quotation marks omitted.) Foley v. HuntingtonCo., 42 Conn. App. 712, 728, 682 A.2d 1026, cert. denied,239 Conn. 931, 683 A.2d 397 (1996). In the present action, the defendant claims that the meaning of the choice-of-law provision may be ascertained by examining the whole document. Courts must construe a contract as a whole, considering all relevant provisions when determining the intent of the parties. See, e.g.,White v. Kampner, 229 Conn. 465, 473, 641 A.2d 1381 (1994). The defendant accordingly argues that if the court considers the disclaimer provision of the parties' agreement, the choice-of-law provision can only be read so as not to override the territorial limitations of the Connecticut Franchise Act.
The disclaimer provision does not explicitly state that the parties' relationship is not to be governed by the Connecticut Franchise Act. The disclaimer provision merely attempts to state that the parties' relationship is not a franchise relationship. While this provision therefore is one piece of evidence of the parties' intent with respect to the choice-of-law provision, it is not dispositive. This is especially true because such disclaimers are ineffective under Connecticut law pursuant to General Statutes § 42-133f(f), which provides that "[a]ny waiver of the rights to a franchise under sections 42-133f or 42-133g
which is contained in any franchise agreement entered into or amended on or after June 12, 1975, shall be void." See also CT Page 7297Petereit v. S.B. Thomas, Inc., 853 F. Sup. 55, 60 (D. Conn. 1993), aff'd in relevant part, 63 F.3d 1169 (2d Cir. 1995), cert. denied, ___ U.S. ___, 116 S.Ct. 1351, 134 L.Ed.2d 520 (1996) (holding that parties' relationship must be determined by reality rather than disclaimers and labels in a contract). If the disclaimer explicitly stated that the body of law the parties choose to govern their relationships does not include the Connecticut Franchise Act, the defendant's position would be significantly more persuasive.
Between the affidavit of Fowler and the language of the disclaimer provision, the defendant has produced evidence which supports its position. Nonetheless, the Fowler affidavit is merely evidence of the defendant's intent with respect to the intended effect of the choice-of-law provision, not the intent of any of the plaintiffs. In fact, the plaintiffs' officers, in their affidavits, claim that the defendant never communicated its intent to the plaintiffs. The Fowler affidavit and the ineffective disclaimer provision are insufficient evidence for the court to hold as a matter of law that the parties intended that the substantive provisions of the Connecticut Franchise Act are not part of the body of Connecticut law that the parties chose to govern their relationships. There is no clear expression of mutual intent in the agreement itself that the act would not apply, nor do the parties' affidavits agree on this point.
For the foregoing reasons, the evidence presented by the defendant is insufficient to meet its burden of demonstrating the absence of a genuine issue of material fact. There remains a genuine issue of material fact regarding the intended effect of the choice-of-law provision. The question of the parties intent is properly left for the jury. Accordingly, the defendant's motion for summary judgment is denied.
Peck, J.